

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2006

# USA v. Murray

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2062

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Murray" (2006). *2006 Decisions*. Paper 582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2062

UNITED STATES OF AMERICA

v.

BILL MURRAY,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: Honorable Bruce W. Kauffman
District Court No.: 02-cr-300-02

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2006

Before: SMITH, ALDISERT, and ROTH, *Circuit Judges*

(Filed: August 16, 2006 )

OPINION OF THE COURT

SMITH, *Circuit Judge.*

Bill Murray was charged with and convicted of conspiracy to possess cocaine base

with the intent to distribute it in violation of 21 U.S.C. § 846 and maintaining a location

for the storage and distribution of a controlled substance in violation of 21 U.S.C. §

856(a)(2).[1]  The District Court sentenced Murray to two 84-month terms of imprisonment to be served concurrently, ordered six years of supervised release, and imposed a $200 special assessment.  Following the trial, Murray moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c), claiming that the evidence against him was insufficient to sustain the conviction on either count.  The District Court denied the motion.  Murray filed this timely appeal, challenging the judgment of conviction as to the conspiracy.[2]  For the reasons set forth below, we will affirm.

I.

On October 18, 2001, during a narcotics investigation, several Allentown police officers knocked on the door of an apartment at 941 Hamilton Street in Allentown.  Murray's co-defendant, Franklin Butler, opened the door with a gun in his hand.  Upon seeing the police, Butler attempted to close the door, but police forced it open and entered the apartment.  They pursued Butler into a small bedroom where they discovered Murray sitting at a small table, cutting a white rock substance, which appeared to be crack cocaine, with a razor.  There were approximately five crack pipes on the table.

The officers secured both Butler and Murray.  In conducting a search of Butler's person, they discovered thirty-seven small Ziploc bags containing crack cocaine and $947

---

[1] Murray was acquitted on a third count, namely, possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

[2] Murray does not appeal the District Court's ruling with respect to the conviction under 21 U.S.C. § 856(a)(2).

in cash.  After receiving a *Miranda* warning, Butler admitted that the gun–which was found under a blanket nearby–belonged to him and that he used it to protect his drugs.  He also admitted that he earned approximately $5000 on drug sales during a "good week" at the apartment.  App. at 67.

An officer also advised Murray of his *Miranda* rights.  Waiving his right to remain silent, Murray explained that he rented the apartment and that he was about to "do a line of coke" before the police entered the room.  App. at 68.  He consented to a search of the premises.  During the search, the police discovered a 16-ounce bottle of Inositol, an agent used to cut cocaine, unused glassine baggies in the closet, two cellular phones, and an identification card belonging to Murray.  The police did not find any drugs on Murray's person; he was carrying only $18.39.  During a subsequent interview, Murray listed the apartment at 941 Hamilton as his address.

## II.

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  When considering the sufficiency of the evidence supporting a conviction, we determine if the evidence, viewed in the light most favorable to the government, would allow a rational trier of fact to find that the government had proved all the elements of the crime beyond a reasonable doubt.  *See United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (citations omitted).

## III.

3

In order to establish a conspiracy, the Government must prove, among other things, that "the alleged conspirators shared a 'unity of purpose,' the intent to achieve a common goal, and an agreement to work together toward the goal." *United States v. Wexler*, 838 F.2d 88, 90-91(3d Cir. 1988) (citing *United States v. Kates*, 508 F.2d 308, 310-11 (3d Cir. 1975)). All of the elements of a conspiracy, including the element of intent, may be proven by circumstantial evidence. *See id.* (citations omitted). Murray appeals his conviction, claiming that, although he may have been using drugs, there is insufficient evidence to establish that he and Butler shared a "unity of purpose" to distribute the drugs. We disagree and, accordingly, will affirm the judgment of the District Court.

In support of his argument, Murray relies on our decisions in *Wexler*, 838 F.2d 88, *United States v. Cartwright*, 359 F.3d 281 (3d Cir. 2004), *United States v. Thomas*, 114 F.3d 403 (3d Cir. 1997), and *United States v. Salmon*, 944 F.2d 1106 (3d Cir. 1991). In each of these cases, we reversed a conspiracy conviction where there was no evidence that the defendant had any contact with the drugs, concluding that the Government had failed to prove that the defendant was aware that a controlled substance–as opposed to some other contraband–was the object of the conspiracy.[3] Unlike the defendants in

---

[3] In *Cartwright*, the defendant acted as an armed lookout for a supplier carrying cocaine in a shopping bag, but we held that the evidence did not show that the defendant had ever been in possession of the cocaine or otherwise knew that cocaine was being exchanged. 359 F.3d at 288-91. In *Thomas*, customs officials seized drugs from a suitcase and then left it in a hotel room, and the defendant unlocked, entered, and then

*Wexler*, *Cartwright*, *Thomas*, and *Salmon*, however, Murray cannot contend that he was unaware of the object of the conspiracy: he was caught red-handed (or perhaps more accurately, white-handed), physically touching the substance, which he acknowledged was cocaine.

In a second line of cases, we have overturned a defendant's conviction for possession or conspiracy to possess drugs where there was no evidence that the defendant exercised dominion or control over the drugs. *See United States v. Brown*, 3 F.3d 673 (3d Cir. 1993) (reversing conviction of Brown's alleged co-conspirator, Ana Baltimore, based our conclusion that "while the evidence may be sufficient to show that Baltimore was residing at the Brown home and that she knew that drugs were in the house, the evidence is not sufficient to support a finding that she exercised dominion and control over the drugs"); *United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996) (overturning conviction on sufficiency grounds where the defendant was sitting in his underwear in close proximity to drugs and distribution materials, but where there was no evidence that he had

_____

exited the hotel room without the suitcase, but the defendant testified that he had merely been offered $500 to check on the suitcase, and we held that the evidence did not controvert his story or show that he knew drugs were involved. 114 F.3d at 404-06. In *Salmon*, the defendant rode in a car with the seller to a parking lot, opened the trunk of the car, stood nearby while the seller interacted with the buyer, and then drove the car away from the parking lot. A bag containing drugs was subsequently found on the buyer, but we held that the evidence did not show that the bag came from the car, nor did it show that the defendant would have known that the bag contained drugs even if it did come from the car. 944 F.2d at 1112-15. In *Wexler*, the defendant acted as a lookout during the movement of a truck hauling drugs, but we held that the evidence did not show that the defendant knew that the truck contained drugs. 838 F.2d at 91-92.

5

physically handled the contraband). These cases are also inapposite. In *Brown* and *Jenkins*, there was no evidence that the defendants had physically touched the drugs or that they owned or controlled the properties in which they were housed. *Cf. Jackson v. Bird*, 105 F.3d 145 (3d Cir. 1997) (affirming denial of state habeas petition where drugs were discovered in room of another resident, but defendant was lessee of the apartment).

In this case, the Government presented evidence that Murray was not only actively engaged in cutting the crack cocaine, but that he was the lessee of the apartment where Butler distributed drugs. His actual physical possession of the drugs and, as lessee of the apartment, his control over the premises are relevant facts from which the jury could have inferred that Murray shared Butler's goal of distributing drugs. This evidence, circumstantial though it may be, is sufficient, when viewed in the light most favorable to the government, to allow a rational trier of fact to find that Murray was engaged in a conspiracy in violation 21 U.S.C. § 846. Accordingly, we will affirm the judgment of the District Court.